Robert E. Seydel, Esq. Village Attorney, Sinclairville
You have asked whether a village board of trustees may appoint one of its own members to fill a vacancy in the office of mayor.
Vacancies in the office of mayor are to be filled temporarily by appointment by the board of trustees (Village Law, § 3-312
[3]). You are aware that the Village Law specifically states that a village trustee is eligible for appointment to fill a vacancy in the office of mayor but if appointed may not continue to serve as trustee (id., § 3-312 [5]). Your concern, however, is that this provision is inconsistent with the common law rule in the case of Wood v Town ofWhitehall, 120 Misc. 124 [Sup Ct, Washington Co, 1923], affd206 App. Div. 786 [3d Dept, 1923]).
Under the Whitehall decision, a board may not appoint one of its members to a public office. The court based its decision on considerations of public policy, i.e., to maintain the impartiality of the appointing body (1985 Op Atty Gen [Inf] 82). The Legislature, in enacting section 3-312
(5) of the Village Law, has specifically overridden the Whitehall
doctrine to permit a trustee to be appointed to fill a vacancy in the office of mayor. In our view, however, a trustee should recuse himself from participating in any deliberations of the village board on the appointment should he be a nominee to fill the vacancy.
We conclude that a member of a village board of trustees may be appointed to fill a vacancy in the office of mayor.